# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# NORTHERN DIVISION

DAVID J. SCOTT,

    Plaintiff,                               CASE NO. 01-CV-10274-BC

v.                                       DISTRICT JUDGE DAVID M. LAWSON
                                          MAGISTRATE JUDGE CHARLES BINDER

BRENDA EVANS,
SANDRA E. SADOWAY,
and ERIK WALTER,

    Defendants.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
## ON DEFENDANTS' MOTION TO DISMISS AND/OR FOR SUMMARY JUDGMENT
(Dkt. 64)
## AND PLAINTIFF'S MOTION FOR LEAVE
## TO FILE FIRST AMENDED COMPLAINT
(Dkt. 73)

## I.     RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that Defendants' Motion to Dismiss and/or for Summary Judgment, which the Court deems as a Motion for Summary Judgment, be **GRANTED**,[1] and that Plaintiff's Motion for Leave to File First Amended Complaint be **DENIED**.

---

[1] In the event that this Report and Recommendation is adopted, the following motions will be moot: Plaintiff's Renewed Motion for Appointment of Counsel (Dkt. 75) and Plaintiff's Renewed Motion to Compel Answers to Interrogatories (Dkt. 76).

**II.     REPORT**

    **A.     Introduction, Facts and Procedural History**

By order of U.S. District Judge David M. Lawson, this case was referred to the undersigned Magistrate Judge for general case management on December 22, 2004. (Dkt. 60.) Pending are the above-entitled motions. Plaintiff has filed a response opposing the motion to dismiss and/or for summary judgment (Dkt. 71), along with additional exhibits (Dkt. 72). Defendants have filed a reply (Dkt. 79), and Plaintiff has filed a response to the reply (Dkt. 81). Defendants have also filed a response to Plaintiff's motion to file First Amended Complaint. (Dkt. 78.) Upon review, I conclude that pursuant to E.D. Mich. LR 7.1(e)(2), these motions are ready for Report and Recommendation without oral argument.

Plaintiff is a state prisoner who is currently incarcerated at the Carson City Correctional Facility in Carson City, Michigan. Plaintiff's *pro se* civil rights complaint brought under 42 U.S.C. § 1983 alleges that Plaintiff's constitutional right of access to the courts was violated by two employees of the Livingston County Circuit Court Clerk's Office, and by a "judicial aid" employed by the Ingham County Circuit Court. (Compl., Dkt. 3 at 2.) Plaintiff states that in April 1996 he filed a Petition for Judicial Review with the Circuit Court for the County of Livingston, State of Michigan, seeking reversal of a 1995 prison misconduct hearing where Plaintiff was found guilty. (*Id.* ¶ 6.) In October 1997, he received a letter from Erik Walter, whom Plaintiff has named as a defendant in this suit, instructing Plaintiff to send to the court his proofs of service demonstrating service of his petition upon the Michigan Department of Corrections and the Michigan Attorney General's Office. Plaintiff claims that he complied with the letter's request. (*Id.* ¶ 7.) However, in December 1997, Plaintiff was ordered by the court to file his proofs of service within 21 days. Plaintiff claims that he again complied.

Plaintiff asserts that on December 19, 1997, he personally spoke with a Livingston County Court clerk's office employee named "Karen," who told him that both sets of proofs of service had been received by the clerk's office and filed. (*Id.* ¶ 9.) However, Plaintiff alleges that on December 23, 2997, the court dismissed the petition for failure to file the proofs of service. (*Id.* ¶ 10.)

Plaintiff claims that he instructed a person by the name of Gerald Foss to contact the Livingston County Court clerk's office on his behalf on January 9, 1998. Plaintiff states that Mr. Foss spoke with Brenda Evans, also named as a Defendant herein, and that Ms. Evans admitted that "the proofs of service had not been provided to the Judge because they had been removed from the court's file and left on [my] desk." (*Id.* ¶ 12.) Ms. Evans allegedly promised to immediately bring them to the judge's attention. However, Plaintiff's motion for relief from judgment requesting reinstatement of the petition was denied on January 26, 1998, allegedly citing again Plaintiff's failure to provide proofs of service. (Defs.' Mot., Dkt. 64, Ex. 6.) Subsequent attempts by Mr. Foss to discuss this matter with clerk's office employees, including Defendant Walter and Defendant Sandra Sadoway, were unsuccessful. (Compl., Dkt. 3, ¶ 14.) Plaintiff subsequently filed a delayed application for leave to appeal to the Michigan Court of Appeals which was denied as untimely. (Defs.' Mot., Dkt. 64, Ex. 7.) Plaintiff claims that his right of access to the courts was violated because defendants "knowingly, wantonly and corruptly concealed from the court the said proofs of service for the purpose of intentionally causing Plaintiff's petition to be wrongfully dismissed." (Compl., Dkt. 3, ¶ 17.)

In August 2001 and September 2002, I issued Reports and Recommendations recommending that this case be dismissed with prejudice as time barred by the statute of limitations, and in the alternative, that the case be dismissed without prejudice pursuant to the

"three strikes provision" of the Prison Litigation Reform Act. (Dkts. 11 & 37.) These recommendations were adopted by Judge Lawson. (Dkts. 17 & 39.) Plaintiff appealed (Dkt. 44), and in November 2004, the United States Court of Appeals for the Sixth Circuit reversed the dismissal of Plaintiff's complaint on the statute of limitations grounds but affirmed this Court's revocation of Plaintiff's forma pauperis status under the "three strikes provision." (Dkt. 57.) The previously cited order of reference and motions followed.

**B.     Analysis and Conclusions**

**1.     Defendants' Motion for Dismissal and/or Summary Judgment**

**a.     Governing Law**

Defendants bring their motion pursuant to Rules 12(b) and 56 of the Federal Rules of Civil Procedure. However, because Defendants rely upon affidavits and exhibits and not solely on the pleadings, I will treat this motion as one for summary judgment pursuant to Rule 56.

A motion for summary judgment pursuant to Rule 56(c) will be granted where there is no genuine issue of material facts, and the moving party is entitled to judgment as a matter of law. All facts and inferences must be viewed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). The moving party has the initial burden of showing the absence of a genuine issue of material fact as to an essential element of the non-movant's case. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). The moving party bears a considerable burden. The Court of Appeals for the Sixth Circuit has held that a

> District Court may grant a motion for summary judgment only if it finds from the whole record before it that there are no material facts which are in dispute. It may not make findings of disputed facts on a motion for summary judgment. The movant

4

> has the burden of showing conclusively that there exists no genuine issue as to a material fact and that the evidence together with all inferences to be drawn therefrom must be considered in the light most favorable to the party opposing the motion. The movant's papers are to be closely scrutinized while those of the opponent are to be viewed indulgently.

*Watkins v. Northwestern Ohio Tractor Pullers Assn.*, 630 F.2d 1155, 1158 (6th Cir. 1980) (citations omitted). *See also*, *Ghandi v. Police Dept. of Detroit*, 747 F.2d 338 (6th Cir. 1984).

Summary judgment is proper when the moving party shows that the non-moving party is unable to meet its burden of proof. *Celotex*, 477 U.S. at 326. However, to defeat the motion, the non-moving party cannot rest merely on the pleadings alone. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). It is the plaintiff's obligation to present affirmative evidence in order to defeat a properly supported motion for summary judgment. *Celotex*, 477 U.S. at 324.

Not every issue of fact or conflicting inference presents a genuine issue of material fact requiring the denial of summary judgment. "The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson*, 477 U.S. at 247-48. Irrelevant and unnecessary facts should have no bearing on a trial court's determination on a motion for summary judgment. *Id.* at 248. Accordingly, only germane facts that go to the heart of the party's suit deserve consideration. The courts will not entertain metaphysical doubts as material facts to defeat the motion. *Matsushita*, 475 U.S. at 586.

It is clear that prisoners have a constitutional right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 97 S. Ct. 1491, 52 L. Ed. 2d 72 (1977). To state a claim of violation of this right, however, an inmate must show that he has somehow been prejudiced. *Walker v. Mintzes*, 771 F.2d 920, 932 (6th Cir. 1985) (citing *Twyman v. Crisp*, 584 F. 2d 352 (10th Cir. 1978)). That prejudice

must be in the form of a specific actual injury, *see Lewis v. Casey*, 518 U.S. 343, 116 S. Ct. 2174, 2179, 135 L. Ed. 2d 606 (1996), such as "the late filing of a court document or the dismissal of an otherwise meritorious claim." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Moreover, the actual injury must have occurred in either the inmate's direct appeal, habeas corpus petition, or a civil rights claim. *Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999) (en banc).

### b. Discussion

Although Defendants maintain that Plaintiff in fact was accorded his right of access to the courts, Defendants' primary argument is that the actions they took in processing Plaintiff's circuit court action are shielded from liability by operation of the doctrine of quasi-judicial immunity. Arguing that he "did everything humanly possible to save his case in state court," Plaintiff contends that the grant of summary judgment is inappropriate. (Pl.'s Resp., Dkt. 71 at 11.)

In this circuit, "'Quasi-judicial immunity extends to those persons performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune.'" *Cooper v. Parrish*, 203 F.3d 937, 950 (6th Cir. 2000) (quoting *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994)). *See also Davis v. Philadelphia County*, 195 F. Supp. 2d 686, 688 (E.D. Pa. 2002) ("judicial or quasi-judicial immunity applies to court staff who are acting in their official capacities").

In a relatively recent Sixth Circuit case, the plaintiff brought suit against two state court judges, a state court magistrate, and a court clerk, alleging that "they improperly denied his motion for a continuance, [improperly granted] a default judgment, and misfiled his motion for relief from judgment." *Riser v. Schnieder*, 37 Fed. Appx. 763, 764 (6th Cir. 2002). The court held that "all of the defendants are immune from suit," and stated:

6

> Accepting all of [the plaintiff's] allegations as true, it is clear that the judges were acting in their judicial capacities and the clerk was acting in a quasi-judicial capacity. Whether or not they committed any errors in handling Riser's small claims case, they are immune from suit for monetary damages.

*Id.* (citing *Mireles, supra*; *Foster v. Walsh*, 864 F.2d 416, 417-18 (6th Cir. 1988)).

Likewise, in *Fish v. Murphy*, 22 Fed. Appx. 480 (6th Cir. 2001), the plaintiff sued the clerk of court under 42 U.S.C. § 1983, alleging that the clerk stamped the wrong file date on a document which resulted in the dismissal of the plaintiff's appeal. The Sixth Circuit held that the claim lacked any arguable basis in law, and therefore upheld the district court's dismissal of the claim as frivolous, stating:

> Kenneth Murphy is clearly being sued in his capacity as court clerk performing a quasi-judicial function and, as such, is entitled to a grant of absolute immunity from a suit for monetary damages.

*Id.* at 482 (citing *Foster v. Walsh*, 864 F.2d 416, 417-18 (6th Cir. 1988) (per curiam); *Denman v. Leedy*, 479 F.2d 1097, 1098 (6th Cir. 1973) (per curiam)).

I suggest that the same result should obtain here. In this case, like in *Riser* and *Fish*, Plaintiff seeks monetary damages for alleged errors committed in the processing of his petition for judicial review. Based upon the foregoing authorities, I suggest that the Defendants are entitled to absolute quasi-judicial immunity from liability for their handling of Plaintiff's proofs of service, as I conclude that these acts are an integral part of the judicial process. Accordingly, I suggest the grant of Defendants' motion to dismiss, which I deem to be a motion for summary judgment, and the dismissal of this case with prejudice, as Defendants are immune from suit.

**2.     Plaintiff's Motion to Amend**

Plaintiff seeks to amend his complaint to make clear that Defendants are sued in their individual capacities and to clarify the date of the second proof of service prepared by Plaintiff.

All parties correctly cite Rule 15(a) of the Federal Rules of Civil Procedure. Defendants assert, however, that amendment is futile because the proposed changes fail to alter the application of the doctrine of quasi-judicial immunity.

Futility of amendment may be found if a defendant can show that the proposed amendment is incapable of surviving a motion to dismiss. *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000) ("A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss"); *Hahn v. Star Bank*, 190 F.3d 708, 715-16 (6th Cir. 1999) (affirming district court's denial of motion to amend on futility grounds where none of the proposed amendments would be able to withstand a motion to dismiss); *Sinay v. Lamson & Sessions Co.,* 948 F.2d 1037, 1041 (6th Cir. 1991); *Schnabel v. Bldg. & Constr. Trades Council*, 563 F. Supp. 1030, 1035 (E.D. Pa. 1983) (accepting an amended complaint after the defendant filed a motion to dismiss, and thereafter evaluating the amended complaint when considering the motion).

Under these standards, I suggest that Defendants' assertion of futility has merit, as Plaintiff's complaint, even with the proposed amendments, cannot withstand Defendants' assertion of absolute quasi-judicial immunity. As with other forms of immunity, absolute quasi-judicial immunity, by its very nature, is more than a mere defense to a lawsuit. It shields those protected by it from being sued in the first place. Under these principles, Plaintiff's amendment, which only clarifies the capacity in which Defendants are sued, along with dates of occurrences, fails to carry the day, as I conclude that absolute quasi-judicial immunity bars Plaintiff's suit irrespective of the capacity in which Defendants are sued, or the exact dates of Plaintiff's proofs of service. It is therefore appropriate, I suggest, to grant Defendants' motion for summary judgment and deny Plaintiff's motion to amend as futile.

### III. REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

                                            s/ *Charles E. Binder*
                                            CHARLES E. BINDER
Dated: August 25, 2005                      United States Magistrate Judge

### CERTIFICATION

I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on Bonnie G. Toskey, and served in the traditional manner on David Scott and Honorable David M. Lawson.

Dated: August 25, 2005                                    By    s/Mary E. Dobbick
                                                                     Secretary to Magistrate Judge Binder