UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DAVID J. SCOTT

        Plaintiff,

                              Case Number 01-10274-BC
v.                              Honorable David M. Lawson

BRENDA EVANS, SANDRA E. SADOWAY,
and ERIK WALTER,

        Defendants.
_____/

## ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT

This matter is before the Court on the plaintiff's motion to alter or amend this Court's judgment, entered March 1, 2006, granting the defendants' motion for summary judgment and dismissing the case with prejudice. The plaintiff challenges several aspects of the Court's ruling, none of which persuade the Court that relief is available under Federal Rule of Civil Procedure 59(e).

Rule 59(e) provides: "Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." The decision of whether to grant relief under Rule 59(e) is left to the district court's sound discretion. *In re Ford Motor Co. Securities Litigation, Class Action*, 381 F.3d 563, 573 (6th Cir. 2004). Such a motion will generally be granted only if the district court made a clear error of law, if there is an intervening change in the controlling law, or if granting the motion will prevent manifest injustice. *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). A Rule 59(e) motion is not properly used as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier, but were not. *Sault Ste. Marie Tribe of Indian Tribes v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998). Once a timely motion has been filed

under this Rule, the district court has the discretion to reconsider any part of its final opinion and judgment, not only those sought to be corrected by the moving party. *EEOC v. United Ass'n of Journeyman & Apprentices*, 235 F.3d 244, 250 (6th Cir. 2000).

After reviewing the plaintiff's submissions, the Court finds that the plaintiff advances arguments previously ruled upon by the Court or that could have been argued earlier. He states that he has proffered evidence that conclusively establishes that he was denied access to the courts; the state court judge's denials of his motions for rehearing and reconsideration amounted to a rubber stamp; the state court judge's dismissal of his case without prejudice meant that, because of the timing, his claim effectively was denied with prejudice; any appellate remedy would have been ineffective; he is not required to show a complete denial of access to the court to make out his case; and the Court should have construed his complaint as seeking declaratory or injunctive relief.

The plaintiff's arguments do not change the fact that the plaintiff filed his complaint in state court and was afforded the opportunity to seek both rehearing and reconsideration of the state trial court's dismissal of his case without prejudice. Further, the plaintiff does not quarrel with the proposition that he had the opportunity to seek appellate review, and did so, although in an untimely fashion. Rather, he simply asserts that because any appeal was permissive as opposed to an appeal of right, this avenue of access to the courts was foreclosed. In addition, the plaintiff's own delay in challenging the prison misconduct conviction meant that a subsequently filed suit would be untimely. Ultimately, the plaintiff cannot overcome the general principle that "[w]hen the abuse transpires post-filing, the aggrieved party is already in court and that court usually can address the abuse, and thus, an access to courts claim typically will not be viable." *Swekell v. City of River Rouge*, 119 F.3d 1259, 1263 (6th Cir. 2000).

Finally, the plaintiff's suggestion that the Court should have construed his complaint as seeking declaratory and injunctive relief is besides the point. A claim of injunctive relief would have saved the plaintiff's complaint only to the extent that quasi judicial immunity was a viable defense to the action. The Court found that such immunity was inappropriate in this case, and the distinction between legal and equitable relief became of little consequence even assuming the plaintiff made this argument to the magistrate judge in the first place. The Court therefore finds that no error of law has occurred in the disposition of this case, the law has not changed in the interim, and no manifest injustice will result such that would require an altered or amended judgment.

Accordingly, it is **ORDERED** that the plaintiff's motion to alter or amend judgment [dkt #98] is **DENIED**.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated: April 27, 2006

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 27, 2006.

s/Tracy A. Jacobs  
TRACY A. JACOBS